IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 4:20-cv-78 ) |
| EXPRESS FUNERAL FUNDING, LLC; and, ADB NET CORP, f/k/a PREFERRED FUNERAL FUNDING, CORP., | ) ) ) ) ) |
| Defendants. | ) |

## BANKERS LIFE AND CASUALTY COMPANY'S
## COMPLAINT FOR INTERPLEADER

Plaintiff, Bankers Life and Casualty Company ("Bankers Life"), by counsel, for its Complaint for Interpleader, alleges and states as follows:

### I. Parties

1. Bankers Life is an insurance company formed as a corporation under the laws of the State of Illinois, with its principal place of business in Chicago, Cook County, Illinois. Bankers Life is a citizen of the State of Illinois under 28 U.S.C. § 1332(c)(1).

2. Defendant Express Funeral Funding, LLC ("Express Funding") is an insurance assignment funding provider formed as a corporation under the laws of the State of Indiana, with its principal place of business in Clarksville, Clark County, Indiana. Express Funding is a citizen of the State of Indiana under 28 U.S.C. § 1332(c)(1).

3. Defendant ADB Net Corp, f/k/a Preferred Funeral Funding, Corp. ("Preferred Funding") is an insurance assignment funding provider formed as a corporation under the laws of

the State of New York, with its principal place of business in Bronx, Bronx County, New York. Preferred Funding is a citizen of the State of New York under 28 U.S.C. § 1332(c)(1).

## II. Jurisdiction and Venue

4. Bankers Life brings this interpleader action pursuant to 28 U.S.C. § 1335.

5. Bankers Life has custody or possession of money in controversy in excess of $500, to wit, disputed life insurance proceeds in the sum of Five Thousand Eight Hundred Ninety-Six and 47/100 Dollars ($5,896.47), plus interest as provided by law (the "Disputed Proceeds").

6. Defendants are adverse claimants to the Policy Proceeds, who are diverse in citizenship to Bankers Life and to each other, payment of which to either may expose Bankers Life to double or multiple liability. This Court therefore has subject matter jurisdiction under 28 U.S.C. §1335.

7. Venue is proper in this Court under 28 U.S.C. §§1391 and 1397 because at least one of the Defendants resides in this judicial district.

## III. Claim for Relief

8. On December 17, 2004, Bankers Life issued to Margo Taylor (the "Insured") a Whole Life Insurance Policy with a face amount of $10,000.00 as Policy Number ***1615 (the "Policy"). A true and accurate copy of the Policy, including the Application, is attached hereto as Exhibit A[1].

9. In the Application for the Policy, the Insured named her son, Harry Stokes ("Stokes"), as the sole primary beneficiary of the Policy Proceeds.

10. The Insured died on December 12, 2019.

11. The Policy was paid up and in full force and effect at the time of the Insured's death.

---

[1]   Exhibits are redacted for HIPAA and privacy reasons.

12. On December 18, 2019, Preferred Funding notified Bankers Life via facsimile that Stokes had assigned a portion of the Policy benefit to Preferred Funding, in the sum of $5,896,47. A true and accurate copy of Preferred Funding's December 18th fax is attached hereto as Exhibit B.

13. On December 20, 2019, Express Funding notified Bankers Life via facsimile that Stokes had assigned a portion of the Policy benefit to Express Funding, in the sum of $5,896,47. A true and accurate copy of Express Funding's December 20th fax is attached hereto as Exhibit C.

14. On December 20, 2019, Preferred Funding again notified Bankers Life via facsimile that Stokes had assigned a portion of the Policy benefit to Preferred Funding, in the sum of $5,896,47. A true and accurate copy of Preferred Funding's December 20th fax is attached hereto as Exhibit D.

15. Following receipt of the competing assignments and claims from Preferred Funding and Express Funding, Bankers Life advised them that it was unable to issue the Disputed Proceeds to either company. Bankers Life further advised that if an agreement could not be reached to release one of the assignments, an interpleader action would be filed. True and accurate copies of Bankers Life's competing claims letters are attached hereto as Exhibit E.[2]

16. On January 21, 2020, Express Funding again advised Bankers Life via facsimile that it had an assignment, and provided a copy of the Insured's death certificate. A true and accurate copy of Express Funding's January 21st fax is attached hereto as Exhibit F.

---

[2] The dates appearing on the competing claims letters are incorrect. Upon information and belief, the letters were sent on or about January 10, 2020.

17. On January 31, 2020, Bankers Life received a letter from Patricia A. Morris, Executive Director/Manager of the funeral home that handled funeral arrangements of the Insured, regarding the assignments signed by Stokes, and providing Express Funding's Confirmation of Funding. A true and accurate copy of Ms. Morris's January 31st fax is attached hereto as <u>Exhibit G</u>.

18. On March 9, 2020, Express Funding again advised Bankers Life via facsimile that it had an assignment, and it submitted a purported proof of payment made to the funeral home. A true and accurate copy of Express Funding's March 9th fax is attached hereto as <u>Exhibit H</u>.

19. On March 11, 2020, Preferred Funding again notified Bankers Life via facsimile that it held an assignment. A true and accurate copy of Preferred Funding's March 11th fax is attached hereto as <u>Exhibit I</u>.

20. It is undisputed that Stokes is the sole beneficiary of the Policy and entitled to receive that portion of the Death Benefit not disputed herein. Thus, on February 19, 2020, Bankers Life transmitted payment to Stokes in the amount of $4,103.53.

21. Stokes is not a competing claimant to the Disputed Proceeds.

22. There exists a real and justiciable controversy between Bankers Life, Express Funding, and Preferred Funding as to the Disputed Proceeds.

23. Bankers Life is an innocent stakeholder subject to conflicting claims to the Disputed Proceeds and cannot pay Express Funding or Preferred Funding without justifiable fear of multiple liability and multiple lawsuits.

24. As a mere stakeholder, Bankers Life has no interest in the Disputed Proceeds and respectfully requests that this Court determine to whom the such Disputed Proceeds should be paid.

25. Bankers Life stands ready, willing and able to deposit the Disputed Proceeds with the Clerk of this Court or to whomever this Court shall otherwise direct for disbursement in accordance with the judgment of this Court, and requests that it be discharged from any obligation for any of the Disputed Proceeds, interest thereon, the detention of such, or further liability to either of the Defendants after the date of deposit.

26. There is no fraud or collusion between Bankers Life and any other party to this action. Bankers Life brings this Complaint for Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

27. Bankers Life has incurred, is incurring, and will continue to incur costs and attorney's fees in bringing this action.

WHEREFORE, Bankers Life prays for judgment as follows:

(a) That Defendants, and each of them, be ordered to answer this Complaint for Interpleader and litigate their claims between themselves to the Disputed Proceeds;

(b) That Defendants be permanently restrained and enjoined from commencing any other civil action or proceeding against Bankers Life relating in any way to the Policy and/or the Disputed Proceeds in any state, federal or other court of competent jurisdiction;

(c) That Defendants be required to settle and adjust the claims between themselves or, upon their failure to do so, the Court shall settle and adjust their claims and determine to whom the Disputed Proceeds should be paid;

(d) That Bankers Life be permitted to deposit the Disputed Proceeds into this Court's Registry, or as this Court otherwise directs, to be subject to the order of this Court and paid out as this Court shall direct;

(e) That upon deposit of the Disputed Proceeds, Bankers Life be discharged from any and all further liability to the Defendants relating in any way to the Policy and/or the Disputed Proceeds;

(f) That Bankers Life be awarded costs and reasonable attorney's fees incurred to prosecute this action; and,

(g) That Bankers Life be awarded all other and further relief as the Court may deem proper.

                                              Respectfully submitted,

Dated: 04/06/2020                     s/ Steven K. Huffer
                                              Steven K. Huffer (IN Atty. No. 8459-49)
                                              S.K. HUFFER & ASSOCIATES, P.C.
                                              12805 East New Market Street, Suite 100
                                              Carmel, IN 46032
                                              Phone (317) 564-4808 / Fax (317) 564-4812
                                              Email: steveh@hufferlaw.com

                                              *Attorney for Plaintiff,*
                                              *Bankers Life and Casualty Company*